IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORI COOPER, § | | |
| Plaintiff § | | |
| § | CIVIL ACTION NO. | |
| vs. § | | |
| § | Jury Trial Demanded | |
| MICHAEL J. ADAMS, P.C., § | | |
| Defendant § | | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Lori Cooper ("Plaintiff"), is a natural person residing in Fort Bend County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Michael J. Adams, P.C. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with the collection of an alleged debt, Defendant sent initial written communication to Plaintiff Dated March 31, 2011 in which Defendant provided Plaintiff with the disclosures required pursuant to 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5) in a confusing and improper manner. Defendant stated, in relevant part, as follows:

> Unless you notify us within 30 days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you. Also, upon your request within the said 30 days, we will provide you with the name and address of the original creditor if different from the current creditor. This letter is an attempt to collect a debt, and any information obtained will be

Said statements led Plaintiff to believe that a request for validation and a request for the name and address of the original creditor would not have to be made in writing, and in so doing, Defendant failed to meaningfully convey the required disclosures, constituting an unfair and deceptive act in connection with the collection of an alleged debt.   (15 U.S.C. §§ 1692e(10), 1692g(a)(4), 1692g(a)(5)).

14.   In connection with the collection of an alleged debt, Defendant sent Plaintiff initial written communication dated March 31, 2011 in which Defendant stated, in relevant part, as follows:

> This law office represents FIA CARD SERVICES, N.A.. My client requested that I contact you concerning your account. My client's records indicate that your account is in default on payment. If your records indicate otherwise, please call me immediately to discuss. If your account is in default, within thirty (30) days after receipt of this letter payment should be received or satisfactory arrangements made by contacting this office at the address or phone number below.
>
> In the event you fail to respond, my client may elect to proceed with further action concerning your account. We sincerely hope that this will not be necessary and that you will make arrangements to send payment in full. To discuss this matter, contact us at telephone 877-223-5462.

In stating within the initial thirty (30) day dispute period that "payment should be received" within thirty (30) days and further threatening to take "further action" if payment was not received, Defendant's statements overshadowed and

were inconsistent with the disclosures required by 15 USC § 1692g(a) et seq.). (15 U.S.C. §§ 1692e(10), 1692g(b)).

15. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

18. Plaintiff repeats and re-alleges each and every allegation above.

19. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

 a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated the TDCPA;

 b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

 c) Awarding Plaintiff actual damages pursuant to the TDCPA;

 d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—DTPA

20.   Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

21.   A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a)

22.   Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## CERTIFICATE OF SERVICE

I certify that on June 16th, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz