IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON CITY DIVISION

| | |
|---|---|
| LORI COOPER<br>*Plaintiff*<br><br>v.<br><br>MICHAEL J. ADAMS, P.C.<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§  NO. 4:11-CV-02258<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant Michael J. Adams, P.C. (herein referred to as "Defendant") moves to dismiss Plaintiff's Original Complaint (herein referred to as "Complaint") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Because Defendant fails to present the court with a cognizable legal theory, Plaintiff respectfully requests Plaintiff Original Complaint be dismissed.

### Factual Background

On June 16, 2011, Plaintiff filed her Original Complaint and Served Defendant on July 6, 2011.

### Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a Complaint, Counterclaim or Crossclaim that fails "to state a claim upon which relief can be granted."

In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A formulaic recitation of the elements, because of its conclusory nature, is not entitled to the usual presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level. "*Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1964–65 (2007). Moreover, a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

In the present case, Plaintiff alleges three different Causes of Action against the Defendant all stemming from a single letter sent to Plaintiff on March 31, 2011.

## As to Count I-FDCPA

Plaintiff fails to show how Defendant's letter dated March 31, 2011 violated the FDCPA. Specifically, Plaintiff pleads that "statements led Plaintiff to believe that a request for validation and a request for the name and address of the original creditor would not have to be made in writing…" Plaintiff fails to plead facts that demonstrate that the statements made by the Defendant were in any way "confusing", "improper" "deceptive" or "unfair" to the Plaintiff. In addition, the statute does not require that the Defendant accept such requests *only* in writing to the extent that the Defendant wishes to provide a greater protection to the Plaintiff. The Statute merely requires that the Defendant at least accept such request in writing (as such, the statute is the floor not the

ceiling).[1]  Furthermore, Plaintiff fails to plead any facts of how she was misled only that the letter "led her to believe…"  There are no facts in the complaint which demonstrate any action on the part of the Plaintiff or Defendant which demonstrates the Plaintiff was misled in any manner whatsoever.

With regard to the factual allegations made in Paragraph 14 of Plaintiffs Original Complaint, Plaintiff fails to plead how the statement made by the Defendant "overshadowed and were inconsistent with the disclosures required by 15 USC § 1692(a) et. seq.). (15 USC §§ 1692e(10), 1692g(b)).  Plaintiff offers no facts supporting her claim that Plaintiff's letter in any way "overshadowed" the disclosures required by 15 USC § 1692(a).  Such statements are conclusory and should "not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## As to Count II-TDCPA

Plaintiff fails to specify any facts with regard to the TDCPA and merely cites the code provision in its allegations.  Plaintiff refers back to the factual allegations but fails to show which facts were "false representations or deceptive means".  With regard to the factual allegations in Plaintiff's pleadings, Plaintiff specifically cited federal statutes with regard to each.  Therefore, Defendant is forced to address each of the factual allegations as they pertain to this claim.

Plaintiff pleads that "statements led Plaintiff to believe that a request for validation and a request for the name and address of the original creditor would not have to be made in writing…" Yet Plaintiff pleads no facts of how she was misled as stated

---

[1] *See* 15 USC §1692(n) demonstrating that the requirements under the statute are the floor not the ceiling.

hereinabove.  Furthermore, Plaintiff fails to plead facts that demonstrate that the statements made by the defendant are false or deceptive.

With regard to allegations contained in Paragraph 14 of Plaintiff Original Complaint, Plaintiff fails to plead how such statements are false or deceptive.  As such the claims in Count II should be dismissed.

### As to Count III-DTPA

Plaintiffs allege a breach of the Texas Debt Collection Practices Act as her basis for her claim under the Deceptive Trade Practices Act.  As such, Plaintiff's claims should be dismissed juxtaposed with her claims under the Texas Debt Collection Practices Act.  In addition Plaintiff merely makes a conclusory allegation that "Defendant violated Tex. Bus. Com. Code § 17.50(h).  As such, Plaintiffs claims should be dismissed.

### Conclusion

Plaintiff's Complaint contains conclusory allegations, fails to plead sufficient facts supporting the claims, and fails to state claims upon which relief can be granted.  Based on the preceding, Plaintiff's Complaint should be dismissed in its entirety under Rule 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant Michael J. Adams, P.C. respectfully requests the Court Grant this Motion and Dismiss Plaintiff's case in its entirety and grant it any other relief to which it shows itself entitled.

                Respectfully submitted,

                By:  /s/  Michael Jason Adams
                Michael Jason Adams
                Texas Bar No.: 24038732
                S.D. Texas Bar No.: 981485
                MICHAEL J. ADAMS, PC
                300 E Sonterra Blvd., Bldg 1, Ste 1200
                San Antonio, Texas 78258
                Tel.  210-858-8360
                Fax 210-858-8350

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2011, a true and correct copy of the foregoing was served through the court's electronic filing system as follows:

**Dennis R Kurz**
Weisberg and Meyers LLC
Two Allen Center
1200 Smith Sreet
16th Floor
Houston, TX 77002
1-888-595-9111 ext 412
Email: dkurz@attorneysforconsumers.com

                /s/ Michael Jason Adams
                Michael Jason Adams